UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HAILIN LIN,

               Petitioner,

      v.                                                    Case No. 06-C-1208

UNITED STATES OF AMERICA,

               Respondent.

---

## ORDER

---

    Petitioner pled guilty to two counts relating to export violations and money laundering, and was sentenced to 42 months of imprisonment. On November 20, 2006, she filed a motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255.

    Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

    During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Petitioner asserts three grounds for relief. First, she asserts a violation of her Fourth Amendment rights because she was not properly the subject of a FISA search warrant. Second, she asserts her sentence, fine and forfeiture were excessive. Third, she claims her

Dockets.Justia.com

Sixth Amendment right to counsel was violated due to counsel's ineffectiveness at the pre-trial, plea and sentencing stages of the proceedings.

Petitioner did not file a direct appeal.  As the Seventh Circuit has held, "the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from that failure." *Bischel v. United States,* 32 F.3d 259, 263 (7th Cir. 1994).   The first two claims petitioner brings are procedurally defaulted unless she can show cause and prejudice from her failure to raise them in her direct appeal.  The third claim, for ineffective assistance, suggests that trial counsel "denied" petitioner's request to appeal.  This could constitute cause and, if the claims prove meritorious, prejudice, for her failure to bring the claims earlier.  Thus, I will not dismiss the first and second claims at this stage, but in her briefs the petitioner will have to address both the merits of her claims as well as her failure to raise them on direct appeal.  The third claim, for ineffective assistance, is properly before me.

Based on the foregoing, the United States Attorney shall file an answer, motion or other response within thirty days of this order, and indicate whether, in his view, an evidentiary hearing is necessary to address the issues petitioner has raised.

**SO ORDERED** this ___21st___ day of November, 2006.


 s/ William C. Griesbach_____
William C. Griesbach
United States District Judge

2