UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAILIN LIN,

        Plaintiff,

v.                                         Case No.   06-C-1208

UNITED STATES OF AMERICA,

        Defendant.

**DECISION AND ORDER DENYING POST-CONVICTION RELIEF**

Hailin Lin, her husband Ning Wen, and others were indicted by a Grand Jury sitting in the Eastern District of Wisconsin for conspiracy to violate United States export control laws and related crimes. She retained Attorney Stephen M. Glynn to represent her in the case, and ultimately pled guilty pursuant to a written plea agreement to conspiracy to violate export control laws by exporting integrated circuits to the People's Republic of China without the required export licenses, contrary to 18 U.S.C. § 371, and money laundering, contrary to 18 U.S.C. § 2, 1956(a)(2)(A), and 1956(h). On December 21, 2005, Lin was sentenced to 42 months in prison and ordered to pay a $50,000 fine and $200 in special assessments. In addition, Lin's interest in various bank accounts and other property was forfeited. Lin did not file a notice of appeal.

Lin now moves to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255. She asserts three grounds for relief: (1) federal law enforcement's use of FISA violated her Fourth Amendment rights; (2) the sentence, fine and forfeiture were excessive in violation of her Eighth

Amendment rights; and (3) trial counsel provided ineffective assistance of counsel. For the reasons below, I conclude no hearing is necessary and her petition should be denied.

**ANALYSIS**

Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34, 113 S.Ct. 1710, 1719-20, 123 L.Ed.2d 353 (1993). Relief under § 2255 is "limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect, which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). Moreover, the filing of an § 2255 petition does not automatically entitle to the petitioner to an evidentiary hearing. *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir.1995). No evidentiary hearing is required if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The rule in the Seventh Circuit is that "in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir.) (footnotes omitted), cert. denied, 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed.2d 88 (1976). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989) (citing *United States ex rel. Edwards v. Warden*, 676 F.2d 254, 256 n. 3 (7th Cir.1982)). Finally, a § 2255 motion is not a substitute for direct appeal. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir.1989). Failing to raise issues on direct appeal bars the petitioner from raising them in a § 2255 motion "unless he or she makes a showing of good cause for and prejudice from that failure." *Bischel*, 32 F.3d at 263. Since ineffective

2

assistance of counsel can constitute good cause for failing to assert other claims on direct appeal, I will address that claim first.

**1. Ineffective Assistance of Counsel**

In support of her claim of ineffective assistance of counsel, Lin alleges that she is not proficient in the English language and her attorney failed to provide an effective interpreter to explain the legal proceedings and the contents of documents she was required to sign. She also alleges counsel failed to consult with her on important decisions and keep her informed of developments in the course of the prosecution. Finally, Lin claims that counsel denied her request to appeal. (Pet. at 8.)

Lin's suggestion that she was not afforded an interpreter and did not understand the proceedings or the plea agreement she signed is belied by the record. The minutes of both the change of plea hearing and the sentencing reflect that an interpreter was present to insure that Lin, a naturalized United States citizen, was able to understand the proceedings. (Doc. # 168, 300.) Moreover, at the inception of the change of plea hearing, her attorney specifically noted her ability to understand and communicate in English. Counsel nevertheless requested the presence of an interpreter in an "over-abundance of caution" and also noted that Lin's daughter and son-in-law were present and could assist, as well, if necessary. The court thereupon invited Lin to advise the court if she had any difficulty understanding the proceedings and to feel free to consult with the interpreter at any time she desired. (Audio Recording of July 8, 2005 Change of Plea Hrg.) Lin at no time indicated an inability to understand.

Given this record, Lin's vague and unsupported suggestion that she did not understand the proceedings is completely lacking in credibility. Even if it were not, Lin forfeited the claim by her

3

failure raise the issue earlier. A defendant cannot stand by while her attorney assures the court of her understanding of the proceedings, wait for the outcome, and then, two years later, claim that she did not understand what was going on. *See United States v. Si*, 333 F.3d 1041, 1044 (9th Cir. 2003) ("To allow a defendant to remain silent throughout the trial and then . . . assert a claim of inadequate translation would be an open invitation to abuse.").

Lin's allegations that Attorney Glynn failed to keep her apprised of developments and that he denied her request to appeal fare no better. The claim that counsel failed to keep her informed of ongoing developments lacks sufficient specificity to be meaningful, and the claim that Attorney Glynn denied her request to appeal, like her claim that she did not understand the proceedings, is refuted by the record. In response to Lin's petition, the government has filed an affidavit by Attorney Glynn in which he states that after her sentencing he discussed with Lin whether she wished to appeal. He discussed the merits of an appeal and the likelihood of success on appeal. He also encouraged her to discuss the merits of an appeal with a second attorney, which she did. Lin consulted with Attorney James Geis, who was also retained to represent her husband and co-defendant on appeal. (Aff. of Stephen M. Glynn, ¶¶ 3, 4.) Email correspondence attached to Attorney Glynn's affidavit shows that Attorney Glynn prepared a notice of appeal to file on Lin's behalf, but that Geis took charge of processing Lin's appeal as of December 29, 2005. (Glynn Aff., Ex. 1.) Attorney Geis emailed Attorney Glynn on January 4, 2006, that Lin had decided not to appeal. (Glynn Aff., Ex. 2.) In the face of this evidence and supporting documentation, Lin must offer more than her unsupported allegation that "my lawyer (Steve Glynn) did not agree to appeal my sentencing." (Pet. at 6.) She must offer "a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Barry*

4

*v. United States,* 528 F.2d at 1101. In the absence of such evidence, Lin's allegation that her attorney was ineffective fails.

**2. Fourth Amendment Violation**

Lin also claims that the government's use of procedures authorized under the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1801 *et seq.*, to obtain evidence against her violated her rights under the Fourth Amendment. (Pet. at 5.) Before pleading guilty, Lin filed a motion to suppress much of the evidence against her on this basis. Her motion was denied, and having thereafter entered an unconditional plea of guilty, Lin waived this issue for purposes of appeal or post-conviction relief. *See* Fed. R. Crim. P. 11(a)(2); *United States v. Rogers*, 387 F.3d 925, 934 (7th Cir. 2004) ("We have nevertheless held that a defendant's failure to preserve a constitutional claim for appeal through a Rule 11(a)(2) conditional plea deprives this court of authority to hear the claim."). Lin's failure to directly appeal her conviction makes even more difficult her effort to now obtain review of the issue. I conclude it is waived.

I also note for the record, however, that even if she had not waived the issue, Lin would not be entitled to relief on this ground. The same issue was raised by her co-defendant husband on appeal from his conviction following a jury trial and has been recently rejected by the Seventh Circuit. *See United States v. Wen*, 477 F.3d 896 (7th Cir. 2007). In *Wen*, the Court rejected the contention that evidence obtained under FISA could not be used in a domestic criminal prosecution. There is no reason to believe that Lin would fare any better than her husband in pressing this argument further. Accordingly, I conclude she is not entitled to § 2255 relief on this ground either.

**3. Excessive Sentence, Fine and Forfeiture**

Finally, Lin claims that her sentence was excessive. Although she was sentenced significantly below the guideline range, she contends that the guideline determined by the court was

5

excessive because China is not a country supporting terrorist groups and does not threaten the national security of the United States. (Pet. at 6.) She further contends that most of the integrated circuits she and her husband exported to China between 1998 and 2004 had Department of Commerce ratings that permitted export to Hong Kong without an export license. Lin notes that Hong Kong has been part of China since 1997. She also notes that of the more then 10,000 electrical components she and her husband exported, less than 50 required export licenses for shipment to China, and contends that she did not know that some of the components were restricted at the time she exported them. Finally, Lin argues that the fine and forfeitures were not based on net income and significantly exceeded even the gross income she and her husband received.

Like her Fourth Amendment claim, this claim has also been waived by Lin's failure to directly appeal her conviction. *Massaro v. United States*, 538 U.S. 500, 504 (2003). If Lin thought her sentence was excessive, she was free to appeal directly to the Court of Appeals immediately after judgment was entered. Having rejected her claim that her attorney provided ineffective assistance and disregarded her instructions to undertake an immediate appeal, I find no cause justifying her failure to do so. Like her other claims, however, even were I to consider it on the merits, Lin would not prevail. The sentence clearly did not violate Lin's rights under the Eighth Amendment. It was well within the statutory limit, which was 5 years for the export violation count and 20 years for the money laundering count. "Only in very narrow circumstances has a punishment within statutory limits been held to violate the Eighth Amendment." *United States v. Gardner*, 211 F.3d 1049, 1057 (7th Cir. 2000) (quoting *United States v. Farmer*, 73 F.3d 836, 840 (8th Cir. 1996)). Here, the actual guideline range was 57 to 71 months. Not only was Lin's sentence significantly below this range, but the fine and forfeitures imposed by the court were based on the agreements reached by the parties.

Lin's argument that the base level for the severity of her offense under the United States Sentencing Guidelines should have been 14 instead of 26 is likewise without merit. The Guidelines state that the base level is 26 "if (A) national security controls or controls relating to the proliferation of nuclear, biological, or chemical weapons or materials were evaded; or (B) the offense involved a financial transaction with a country supporting international terrorism." U.S.S.G. §2M5.1(a). The unchallenged factual information in the Pre-Sentence Investigation Report ("PSIR") clearly indicated that at least some of the components Lin sold were restricted for national security purposes. According to the PSIR, the military uses for some of the components included "missile guidance systems as well as land and sea based radar applications." (PSIR at 5.) The Assistant United States Attorney prosecuting the case supplemented this information with more specific information concerning the military use of many of the components Lin had sold at the time of sentencing. (Audio Recording of December 21, 2005 Sentencing Hearing) No argument to the contrary was made. Lin's assertion that some of the components could have been legally shipped to Hong Kong without an export license has no support in the record and, in any event, tacitly admits that some of the components could not be shipped even to Hong Kong. Finally, her suggestion that she did not realize the integrated circuits were restricted is inconsistent with the factual basis offered at her change of plea hearing to support her guilty plea. The evidence offered by the parties to support the plea included evidence that Lin knew that she needed export licenses for certain shipments and that she concealed the ultimate destination by falsifying end-user statement on shipping invoices and understated the value of shipments to avoid inspection. (Doc. # 163, Plea Agreement, ¶ 5.) Given this evidence, which Lin stipulated to at the time she changed her plea, her suggestion that she did not realize she was violating the law is not enough to warrant a hearing.

In sum, I conclude from the entire record in the underlying criminal proceedings in Case. No. 04-CR-241 that Lin is not entitled to relief under § 2255 on any of the grounds asserted. Her motion for post-conviction relief is therefore **DENIED**.

**SO ORDERED** this   29th   day of March, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge